Marcus G. Christ, J.
Motion to add parties plaintiff.
The action against the movant is to recover accidental death benefits allegedly due to the plaintiff under seven endowment policies of life insurance issued by the movant on the life of George J. Schwartz, the husband of plaintiff. The insured died on October 16, 1956.
*28 Six of the policies contain a beneficiary provision respecting the disposition of any sums which may be unpaid under the terms of the policy in the event of the death of the insured and his wife, the primary beneficiary. The two children of the insured, if they were the survivors, would each be entitled to one share of said unpaid sum. If either or both of the children predeceased the insured or his wife, the children of said child or children of the insured would receive the share due the parent. If all children and grandchildren predeceased the survivor of the insured and his wife, a single sum would be paid to the executors or administrators of' the survivor.
It is the contention of the movant, the Equitable Life Assurance Society of the United States, that the children and grandchildren of the insured should be parties plaintiff to this action.
The complaint contains an allegation (paragraph “ Sixth ”) that the plaintiff is ‘ ‘ the person to whom any and all sums were payable under each of the said policies ”. A photostatic copy of the policy attached to the motion papers contains a page devoted to beneficiary provisions. The first of the paragraphs on said page provides that the 1 ‘ Settlement of the net sum due under this policy by reason of the death of the insured shall be made with the Insured’s wife, Sophie Schwartz, if living at the death of the Insured as provided in paragraph 2.” Paragraph 2 provides for payment to the wife of the amount due in monthly installments for 20 years (Option 3). In paragraph 3, provision is made for disposition of any sum unpaid on the death of the survivor of insured or his wife as stated previously. Paragraph 5 provides in part “Anything in this Beneficiary Provision to the contrary notwithstanding, it is hereby agreed that after the death of the Insured, said wife, during life, alone and in all events, shall have the power to appoint, exercisable in favor of her estate, all amounts payable hereunder after the death of said wife. If such power is exercised, the interest of all other beneficiaries shall be excluded ’ ’.
The- plaintiff opposes the motion contending (1) that the children are neither indispensable nor conditionally necessary parties as defined in section 193 of the Civil Practice Act, and (2) that if they be considered conditionally necessary, one child, Bernard Schwartz, and his children are beyond the jurisdiction of the court, being residents of Illinois.
After considering the power granted to his wife (paragraphs “1” and “5” of Beneficiary Provision) by the insured respecting the disposition and settlement of any claims with the insurer, the court does not believe the children or the children’s *29 children are either indispensable or conditionally necessary parties.
The word “ settlement ” has been defined by Bonvier to mean “ payment in full ” (Stewart v. Union Mut. Life Ins. Co., 155 N. Y. 257, 266). If the plaintiff wife has the authority to reach an out-of-court “ settlement ” with the insurer, without the presence of the children it follows that in an action to compel such 1 ‘ settlement ” or “ payment in full ’ ’ the presence of the children is unnecessary. The language used in the policies, is that of the insurer’s choosing. While it may protect the insurer in dealing with the wife alone, the wife also is protected in being able to enforce her claim without unnecessary delay.
Moreover, if the children be considered conditionally necessary parties, it is useless to join some and not all. Under subdivision 2 of section 193 conditionally necessary parties must be subject to the jurisdiction of the court before their presence will be ordered. Bernard Schwartz and his children as residents of the State of Illinois could not be joined by order.
Motion denied.
Settle order on notice.